UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LIBNA GUZMAN,

        Plaintiff,

  v.

        Case No. 19-cv-1722-pp

NATIONAL PACKAGING SERVICES CORPORATION,

        Defendant.

**ORDER REOPENING CASE, APPROVING STIPULATION AND CERTIFYING COLLECTIVE AND RULE 23 CLASSES (DKT. NO. 40) GRANTING JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL (DKT. NO. 41) AND SCHEDULING FAIRNESS HEARING**

On February 8, 2021, Magistrate Judge William Duffin conducted a settlement conference and entered an order indicating that the parties would be filing documents for class settlement within eight weeks. Dkt. No. 38. This court ordered that the case be administratively closed pending receipt of those documents. Dkt. No. 39. On April 6, 2021, the plaintiffs filed a stipulation for final collective certification and Rule 23 certification, dkt. no. 40, a joint motion for settlement approval, dkt. no. 41, their settlement agreement, dkt. no. 41-1, a brief in support of the joint motion, dkt. no. 42, and the declaration of plaintiffs' counsel, Yingtao Ho, dkt. no. 43. The court will reopen the case, approve the stipulation for class certification, grant the joint motion for settlement approval and schedule the final fairness hearing.

1

## I. Stipulation To Final Collective and Rule 23 Certifications (Dkt. No. 40)

For settlement purposes only, the parties have stipulated to the final certifications of the collective and Rule 23 classes. Dkt. No. 40. Although the parties have agreed, the court still must certify that the settlement class satisfies the Rule 23 requirements.

The parties propose the following definition for both the FLSA collective class and the Rule 23 class:

> All hourly production employees who worked at NPS's Wisconsin production facilities and were paid a shift differential, were paid a year-end bonus, or worked on a designated holiday during the time period of November 22, 2017 to the date of preliminary approval of this Settlement Agreement.

Dkt. No. 40 at ¶¶1, 5.

Rule 23(a) lists four prerequisites for certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. First, the parties agree that the plaintiffs satisfy the numerosity requirement because hundreds of the defendant's hourly production employees in Wisconsin received shift differentials, year-end bonuses or worked a holiday week so they either did suffer—or could have suffered— an underpayment of overtime. Dkt. No. 40 at ¶7.

Second, the plaintiffs satisfy the commonality requirement because the defendant applied uniform overtime computation methods to its hourly production employees. The plaintiffs allege that the defendant omitted shift differentials, did not include year-end bonuses in calculating the daily rate, computed holiday pay as time and half the base rate while excluding shift

2

differentials, paid overtime during holiday weeks without including the holiday pay in the regular rate, did not pay overtime during holiday weeks until the employee had worked forty hours plus paid worked holiday hours for the week. Id. at ¶8. Third, the parties represent that the plaintiff's claims are typical of the proposed class because she received shift differential pay, year-end bonuses and worked on holidays all during workweeks when she worked more than forty hours. Id. at ¶10. Fourth, the court is satisfied the plaintiff is an adequate representative because the court finds no apparent conflicts between the plaintiff and the other class members, she has demonstrated a sufficient understanding of the claims and has retained competent counsel. Id. at ¶11.

In addition to satisfying Rule 23(a)'s four prerequisites, the Settlement Class also must satisfy the requirements of one of Rule 23(b)'s three subsections. The court is satisfied that this case meets the Rule 23(b)(3) requirements because the common questions of law or fact predominate over questions that affect only individual members. The controversy would best be resolved through a class action because the maximum recovery for each individual is too small to justify pursuing more complicated claims.

Because the proposed class meets Rule 23's requirements, the court will certify the proposed Rule 23 class for settlement purposes.

## II. Joint Motion for Preliminary Approval of Settlement (Dkt. No. 41)

### A. Rule 23 Class

The court must conduct a preliminary evaluation of the settlement, then hold a final fairness evaluation after the notice has been provided to members

3

and the court has heard objections. In deciding whether to preliminarily approve the settlement, the court considers the strength of plaintiff's case compared to the settlement amount, the complexity, length, and expense of the litigation, any opposition to settlement, the opinion of competent counsel, and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 653 (7th Cir. 2006).

      1.    *The Strength of the Plaintiffs' Case*

Under the terms of the settlement, the defendant will pay a total of $87,500, along with the employer share of employment taxes on any payments that the settlement treats as wages. Dkt. No. 42 at 5. The settlement fund will be used to pay the costs of mailing class notices and settlement checks, attorneys' fees and costs of no more than $32,000 and an incentive award of no more than $5,000 to the lead plaintiff. Id. The parties have proposed giving the class members forty-five days to file a claim, opt-out or object to the settlement. Id.

Once the fees, incentive award and mailing costs have been deducted, the remainder will be used to make class payments. The parties explain that 5/6 of the remaining amount will be treated as the Wisconsin law settlement fund (Class Fund). Id. Eighty percent of the Class Fund will be distributed based on how many holidays each class member worked between November 22, 2017 and the date of this order. Id. Ten percent of the Class Fund will be distributed equally to all class members who received any shift differentials

4

between November 22, 2017 and the date of this order. Id. at 6. Ten percent of the Class Fund will be distributed equally to all class members who received any annual bonuses between 2017 and 2020. Id.

The parties have designated one-sixth of the settlement proceeds as the FLSA settlement amount (the Collective Fund). Id. If fewer than ten percent of the class opt in, seventy-five percent of the Collective Fund will be distributed to members of the FLSA Collective, with the remaining twenty-five percent distributed proportionally to members of the Rule 23 Class. Id.

### 2. *Length, Expense and Complexity of Litigation*

The parties reached the settlement after almost a year of what they characterize as "vigorous" litigation. Dkt. No. 42 at 10. The litigation appears complex, both in terms of the factual disputes and in terms of the lack of authority on at least some of the issues. The parties dispute whether the year-end bonuses must be included in the regular rate, whether worked holiday pay must equal time and a half the regular rate to qualify for exemption under §207(e)(6) of the FLSA, and whether worked holiday pay that equals less than time and half the regular rate may be offset from weekly overtime pay that NPS owes to its employees. Id. at 7-8.

### 3. *Opposition*

The parties have filed a joint motion and the court is unaware of any opposition.

5

Case 2:19-cv-01722-PP    Filed 03/03/22    Page 5 of 9    Document 44

4. *Opinion of Counsel*

Both parties, and counsel, believe this to be a fair resolution of the class claims and an appropriate resolution based on the calculated risks and expenses of further litigation. Id. at 10.

5. *Amount of Discovery; Stage of Proceedings*

The parties represent that they have conducted substantial discovery, including the depositions of the defendant's corporate representative. Further litigation would have included class certification issues, notice and summary judgment motions. Id.

B  FLSA Settlement

The Seventh Circuit has not addressed whether stipulated agreements under FLSA require court approval, but district courts in this circuit routinely require such approval. Brooks v. Sherman Phoenix LLC, No. 20-cv-35-pp, 2021 WL 977071, *1 (E.D. Wis. Mar. 16, 2021) (collecting cases). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (quoting Castillo v. Noodles & Co., No. 16-cv-03036, 2016 WL 7451626 at *1 (N.D. Ill. Dec. 23, 2016)). Courts typically consider the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

Id. (citing Paredes v. Monsanto Co. *et al.*, No. 4:15-CV-088 JD, 2016 WL

1555649, at *1 (N.D. Ind. Apr. 18, 2016). These factors track the considerations that the court must weigh in reviewing proposed class action settlements under Rule 23. For the same reasons that the court has approved the parties' Rule 23 settlement, the court will approve the parties' FLSA and prevailing wage settlement.

### III. Conclusion

The court **DIRECTS** the Clerk of Court to **REOPEN** this case.

The court **FINDS** that the settlement agreement is fair, reasonable and reflects a reasonable compromise of *bona fide* disputes between the parties. Dkt. No. 41-1.

The court **GRANTS** the joint motion for preliminary settlement approval. Dkt. No. 41.

The court **APPROVES** the stipulation and **CERTIFIES** the following FLSA Collective and Rule 23 settlement classes:

> All hourly production employees who worked at NPS' Wisconsin production facilities and were paid a shift differential, were paid a year-end bonus, or worked on a designated holiday during the time period of November 22, 2017 to the date of preliminary approval of the settlement agreement.

Dkt. No. 40.

The court **APPOINTS** Libna Guzman to serve as the representative for the certified 29 U.S.C. §216(b) Collective Class and the Fed. R. Civ. P. 23 class.

The court **APPOINTS** the Previant Law Firm, S.C., as class counsel for the certified 29 U.S.C. §216(b) Collective Class and the Fed. R. Civ. P. 23 class.

7

The court **APPROVES** the notice of class action and the collective action and the proposed settlement ("the Notice") for distribution to all class members and potential collective members.

The court **APPROVES** the opt-in consent form for distribution.

The court **FINDS** that the notice constitutes the best notice practicable under the circumstances, including individual notice to all class members and collective members who can be identified with reasonable effort, and that it constitutes valid, due and sufficient notice to class members and collective members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

The court **ORDERS** that:

1. Each class member who wishes to be excluded from the settlement class must opt-out per the instructions in the notice.

2. Any class member who has not properly and timely requested exclusion from the settlement class shall be bound in the event the court issues a final order approving the settlement agreement.

3. Each class member who wishes to be included in the FLSA collective must opt in per the instructions in the notice. The parties must appear for a telephonic fairness hearing on **June 2, 2022 at 9:30 AM** to determine whether the court should approve the settlement agreement as fair, reasonable and adequate and whether the court should enter the proposed final order approving the settlement agreement. The parties are to appear by

calling the court's conference line at 888-557-8511 and entering access code 4893665#.

4. Any class or collective member who wishes to object in any way to the proposed settlement agreement must file and serve such written objections per the instructions in the notice no later than forty-five (45) days after the mailing of the notice, together with copies of all papers in support of his or her position. The court will not consider objections of any class or collective member who has not properly served copies of his or her objections on a timely basis.

Dated in Milwaukee, Wisconsin this 3rd day of March, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:19-cv-01722-PP   Filed 03/03/22   Page 9 of 9   Document 44